**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT FOHRMEISTER,**

    **Plaintiff,**

v.                                                       Case No.: 8:12-CV-1752-T-17EAJ

**STATE OF FLORIDA DEPARTMENT**
**OF HIGHWAY SAFETY AND MOTOR VEHICLES,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Motion for Waiver of the Filing Fee** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Without regard to Plaintiff's indigency, Plaintiff's motion to proceed in forma pauperis should be denied for failure to state a claim. Plaintiff's complaint names the "State of Florida Department of Highway Safety and Motor Vehicles" as Defendant. (Dkt. 1) Although Plaintiff mentions that the State of Florida violated his First Amendment Right to freedom of religion by enforcing Florida Statue § 322.221, he provides no facts to support claims against Defendant under this statute. (Id.) Plaintiff merely states that the State of Florida was well aware of Plaintiff's religious beliefs, totally ignored these beliefs, and the First Amendment and a Supreme Court decision compel the State of Florida to acknowledge and protect Plaintiff's constitutional rights. (Id.) Although complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, Plaintiff's complaint fails to state a claim to relief under federal law that is plausible on its face. See Bell Atl. Corp., 550 U.S. at 570. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint should therefore be dismissed with leave to refile a complaint that meets the standard set forth above.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiff's Motion for Waiver of the Filing Fee (Dkt. 2) be **DENIED WITHOUT PREJUDICE**; and

(2)   Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this case.

See also Local Rule 3.10(a), M.D. Fla.

**Date: August 13, 2012**

_[signature]_
ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
Counsel of Record
District Judge

3